UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

Eastern District of Kentucky
FILED
FEB 19 2009
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 08-93-KSF

TIMONTE DESHAW HARRIS                                              PETITIONER

v.                         **OPINION & ORDER**

JAMES MORGAN, Warden                                               DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On February 20, 2008, petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #2]. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On January 30, 2009, the Magistrate Judge filed his proposed findings of fact and recommendation. The Magistrate Judge noted that the federal habeas petition presents both exhausted and unexhausted claims. As a result, the Magistrate Judge recommended that this action should be dismissed without prejudice to the petitioner's right to refile this action after he has exhausted his state judicial remedies as to all claims raised herein. *See* 28 U.S.C. § 22549b); *Rose v. Lundy*, 455 U.S. 509, 510 (1982)(federal courts may not adjudicate mixed petitions for habeas corpus); *In re Bowen*, 436 F.3d 699, 701 (6th Cir. 2006); *Morris v. Wingo*, 421 F.2d 651 (6th Cir. 1970). Neither the petitioner nor the respondent filed objections to the Magistrate Judge's proposed findings of fact and recommendation and the time for same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact

and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.

In determining whether a certificate of appealability should issue as to the petitioner's claims, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #18] is ADOPTED as and for the opinion of the Court;

(2) the respondent's motion to dismiss [DE #10] is GRANTED;

(3) the petitioner's petition for a writ of habeas corpus [DE #2] is DISMISSED WITHOUT PREJUDICE to petitioner's right to refile after he has exhausted his state remedies;

(4)   pursuant to 28 U.S.C. § 2253(c), a certificate of appealability shall not issue;

(5)   pursuant to 28 U.S.C. § 1915, Petitioner may not appeal this Order in forma pauperis; and

(6)   judgment will be entered contemporaneously herewith.

This February 19, 2009.

Signed By:

*Karl S. Forester*  KSF

United States Senior Judge